UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

  vs.

JAMES M. SEBERO,

    Defendant.

NO. 08-CR-185-JLQ

**ORDER DENYING MOTION TO DISMISS AND SETTING TRIAL DATE**

    **BEFORE THE COURT** is the Defendant's Motion to Dismiss (Ct. Rec. 5)in what is described as the "Idaho case", to which the Plaintiff has responded (Ct. Rec. 9) and the Defendant has replied (Ct. Rec. 13). The Government has indicted Mr. Sebero on 55 counts of alleged wire fraud arising from his receipt of Government disability benefits. The Motion was heard with oral argument on March 13, 2009.  James Parkins and Chris Bugbee appeared on behalf of the Defendant, who was present.  Robert Ellis and Nancy Cook appeared on behalf of the Government.  Three arguments for dismissal were put forth by the Defendant; the Superseding Indictment violates the statute of limitations, claim preemption by Title 38 (Veteran's Benefits) of the United States Code, and the rule against multiplicity.  For the reasons stated orally by the court, as supplemented herein, the Defendant's Motion to Dismiss is **DENIED**.

ORDER - 1

*A.  Background*

The Defendant, James Sebero, suffered injuries while serving on active duty in the United States Air Force on January 5, 1975.  On December 13, 1978, an Air Force Physical Evaluation Board rated Mr. Sebero 60% disabled and placed him on the Temporary Disability Retired List.  Another Board further evaluated Mr. Sebero on March 6, 1980, and recommended that Mr. Sebero be permanently retired with a 100% disability rating.  The Air Force followed this recommendation and formally retired Mr. Sebero with a 100% disability rating in a letter dated March 21, 1980.  Mr Sebero received undisturbed disability benefits for the next 27 years without any further examinations requested by or conducted by the Government.

Mr. Sebero was finally notified, putatively by the VA, but, it appears, at the request of the prosecution or its agents,  that they wished to perform an evaluation of him in September, 2007.  Mr. Sebero allegedly made false statements during this "examination" triggering three counts of false statements which are currently pending against him in an Indictment (08-127-JLQ), also known as the "Washington case." In a letter dated March 14, 2008, the VA informed Mr. Sebero that his disability rating was being cut to 0% and that his compensation benefits would accordingly terminate.

*B.  Statute of Limitations*

It is undisputed that the statute of limitations applicable to this "Idaho case" is

articulated in 18 USC § 3282(a).  "Except as otherwise expressly provided by law, no

person shall be prosecuted, tried, or punished for any offense, not capital, unless the

indictment is found or the information is instituted within five years next after such

offense shall have been committed."

        The indictment of Mr. Sebero reads in relevant part:

> It was a part of the scheme and artifice that JAMES M. SEBERO materially
> falsely reported the extent of his injuries during various Air Force medical
> evaluations and reviews during the period October 1975, through April 1980.  It
> was also part of the scheme and artifice that JAMES M. SEBERO made material
> false, fraudulent pretenses, representations and promises, to wit: report the extent
> of his injuries in various VA claims, evaluations and reviews during the period
> February 1976, through September 2007.  Ct. Rec. 1, Attach. 8, 3.

        Mr. Sebero, between 1975 and 1980, was subjected to numerous examinations

solely by the United States Air Force in order to determine his disability rating, if any,

after the accident forced his medical retirement.  The final examination took place on

March 6, 1980, and the Secretary of the Air Force, on March 21,1980, issued a letter

establishing Mr. Sebero's permanent retirement with a 100% disability rating. (Ct. Rec.

5, 5:22-6:24).  Subsequently, Mr. Sebero had limited and nominal contact with the

Veterans Administration, except his receipt of benefit payments, and it is undisputed that

from 1980 until September 26, 2007 the Government did not conduct any physical

examination or investigation of Mr. Sebero's condition (Ct. Rec. 5, 7:1-3).  Mr. Sebero

argues that the last date on which he could have made any material misrepresentations to

ORDER - 3

the Government was March 6, 1980, thereby setting a corresponding limitations expiration of March 6, 1985.

The Government contends that the 55 counts of wire fraud alleged in the Superseding Indictment (Ct. Rec. 1, Attachment 8) do not violate the statute of limitations because the first Indictment against Mr. Sebero was returned on August 20, 2008.  Therefore, argues the Government, all receipts of funds dated on or subsequent to August 20, 2003 are not violative of the statute of limitations.  The issue is whether or not Mr. Sebero could commit wire fraud by receiving funds 55 times between August 26, 2003 and October 1, 2007, even though the Indictment does not allege that Mr. Sebero made any affirmative misrepresentations or misstatements during this time period.

A limitation period begins to run only when all the elements of the underlying offense have been committed.  *United States v. Drebin,* 557 F.2d 1316, 1333 (9th Cir. 1977). "To convict a person of wire fraud, the government must prove beyond a reasonable doubt that the accused (1) participated in a scheme with intent to defraud; and (2) used the wires to further the scheme." *United States v. Ciccone*, 219 F.3d 1078, 1083-84 (9th Cir. 2000). It is well settled that cases construing the mail fraud and wire fraud statutes are applicable to either. *Carpenter v. United States*, 484 U.S. 19, 25 n. 6 (1987). In considering a mail fraud scheme, the fraudulent scheme involved is not completed until the defendant receives the benefits that were intended to be gained

ORDER - 4

through the perpetration of the fraud.  *Carroll v. United States,* 326 F.2d 72, 86 (9th Cir. 1963), citing *Kann v. United States*, 323 U.S. 88 (1944).   Each individual mailing in furtherance of a prohibited scheme to defraud constitutes a separate mail-fraud violation. *United States v. Poliak*, 823 F.2d 371, 372 (9th Cir. 1987).

The statute of limitations does not begin to run until the offense is *completed*. Under *Carroll*, completion of wire fraud is defined to be the time at which benefits, induced through the predicate fraudulent act, are gained.  Receipt of benefits is inherent to any scheme to defraud. Mr. Sebero would not be guilty of wire fraud had he merely lied to the VA doctors in 1980 and not received any benefit therefrom.  The receipt of the benefit is integral to the offense, and the 55 instances of wire fraud alleged in the Superseding Indictment all occurred within the five year statutory period proscribed by 18 USC § 3282(a).  It is undisputed that Mr. Sebero did not make affirmative representations during the statutory period, but the benefits he received would not have been wired but for his affirmative representations to the VA, and such inducement of wiring funds is considered by the courts to be use of the wires.  "One 'causes' use of the mails or wire communications where such use can be reasonably foreseen, even though not specifically intended."  *United States v. Cusino*, 694 F.2d 185, 188 (9th Cir. 1982). Accordingly, if Mr. Sebero fraudulently induced the wiring of benefits, he caused the use of the wires each time a benefit was sent, even though he made no affirmative

representations at that time.

Under *Poliak*, every time Mr. Sebero received a benefit within the five year statutory period, calculated backwards from the Superseding Indictment, the offense of wire fraud was completed. The Superseding Indictment alleges no violations more than five years prior to the distribution.

Mr. Sebero argues that *United States v. Beardslee*, 197 F.3d 378, 385 (9th Cir. 1999), sets forth a five year statutory period that starts running at the time the last offense is completed in the five year window beginning with the predicate scheme to defraud (Ct. Rec. 13, 3:22-4:7). In *Beardslee*, the defendant started a fire and subsequently initiated fraudulent insurance claims. A First Indictment was handed down within five years of the arson, but a mistrial ensued and a Second Indictment was handed down more than five years after the arson. The court concluded that this new Indictment did not violate the statute of limitations. "A number of Beardslee's mail-fraud violations occurred...within the five-year limitation period provided by 18 U.S.C. § 3282. Thus, even assuming that the filing of the original indictment did not toll the running of the limitation period until the filing of the superseding indictment, Beardslee *nevertheless violated section 844(h) within a five-year period of time preceding...the date on which the superseding indictment was filed* (emphasis added)." *Beardslee*, 197 F.3d at 385. There is nothing in this language to support the contention that a second, five year period

was initiated based on the last claim in a first five year period; the court merely

concluded that affirmative, fraudulent claims had been made in the five years preceding

the Second Indictment.

The Superseding Indictment herein does not violate the five year statute of

limitations period.  The five year period did not begin to run until the offense was

complete, and it could not be complete until some benefit was wired.  Each wiring of a

benefit constitutes a separate violation, and accordingly initiated a separate five year

period for allowable prosecution.  Mr. Sebero did not commit wire fraud when he

allegedly lied to the VA; his actions only constituted wire fraud when his alleged scheme

to defraud caused some benefit to be wired, thereby completing the alleged offense.

Fraud initiated outside of the statutory period is not barred from prosecution if resultant

benefits are wired within said period.  The wiring of benefits is integral to the offense of

wire fraud, and such offense cannot be complete without the wiring.  The Superseding

Indictment only alleges violations occurring in the five years directly preceding its

issuance;  therefore it does not violate the statute of limitations.  Accordingly, Mr.

Sebero's motion to dismiss the Superseding Indictment as violative of the statute of

limitations is **DENIED**.

*C.  Preemption by Title 38*

Mr. Sebero propounds two different theories under which he contends that the

Superseding Indictment violates both specific statutes and the legislative intent of Title

38 of the United States Code, which addresses veterans benefits.

The first argument is premised on the various prohibitions against revocation of

veterans benefits contained in 38 U.S.C. § 6103; namely that benefits may not be

revoked from a veteran who resided continuously in a jurisdiction in which he could be

prosecuted for the duration of the requisite statutory period.  This argument is

inapplicable to the current facts, because it prohibits the revocation of benefits, which

are not currently at issue.

The next contention of Mr. Sebero is that prosecution in federal court for

fraudulently obtaining veterans benefits is contrary to the legislative intent of Title 38;

specifically it is argued that 38 U.S.C. § 6102 is a more specific statute under which Mr.

Sebero would be more appropriately prosecuted.  Mr. Sebero has not cited any support

for the argument that a district court lacks jurisdiction to determine if a federal crime has

been committed even though veterans benefits are involved, or any requirement to

prosecute under Title 38.  This issue was addressed by the 7th Circuit in *United States v.*

*Roberts*, 534 F.3d 560 (7th Cir. 2008).  In that case, the Defendant argued that the

district court lacked jurisdiction to hear federal charges of wire fraud that had been

brought against him.  The district court held that nothing in Title 38 prevented the court

from hearing federal charges, the pending action before the Court of Appeals for

Veterans Claims notwithstanding.  "[T]he district court had jurisdiction in this case based on 18 U.S.C. § 3231, which provides for jurisdiction over 'all offenses against the laws of the United States.'  The district court...simply judged whether Mr. Roberts had committed a federal crime in the process of obtaining these benefits...the criminal prosecution is independent of the administrative review process."  *Roberts*, 534 F.3d at 568.

The actual payment of benefits by the VA is not being contested in this case, therefore the provisions of Title 38 that protect veterans against revocation thereof are inapplicable.  The crimes alleged arise under the laws of the United States, according this court proper jurisdiction pursuant to 18 U.S.C. § 3231.  As the 7th Circuit noted in *Roberts*, the mere involvement of veterans benefits questions does not divest the federal courts of jurisdiction to hear allegations of federal crimes.  Accordingly, Mr. Sebero's Motion to Dismiss the superseding indictment as violative of Title 38 is **DENIED**.

*D.  Rule Against Multiplicity*

Mr. Sebero's last contention is that the 55 counts of the superseding indictment violate the rule against multiplicity.  Under this rule, an indictment may not charge a single offense in several counts.  *United States v. UCO Oil Co.,* 546 F.2d 833, 835 (1976).  Mr. Sebero contends that since each wiring of benefits to him by the VA was automatic, the Government cannot show a separate act that precipitated each count,

thereby rendering the Superseding Indictment violative of the rule against multiplicity. The Government contends that the Superseding Indictment does not violate the rule against multiplicity because each count of the indictment requires proof of facts that the other counts do not require.

It has been consistently held that each separate use of the mails or wires caused by a defendant constitutes an individual wire or mail fraud offense. "In both the mail fraud and wire fraud contexts, courts have consistently recognized Congress' intent, repeatedly holding each use of the mails to be a discrete offense." Further, one who "causes" another to use the mail or wires, if such use can be reasonably foreseen, fulfills the "use" element. *United States v. Garlick*, 240 F.3d 789, 793-5 (9th Cir. 2001). See *United States v. Vaughn,* 797 F.2d 1486, 1493 (9th Cir. 1986)(convicting defendant of four counts of mail fraud, one for each separate mailing. "Each mailing in furtherance of the scheme constitutes a separate violation."); *United States v. Poliak*, 823 F.2d 371, 372 (9th Cir. 1987)("Under the mail fraud statute, each mailing in furtherance of the scheme constitutes a separate violation. Each use of the wires under the wire fraud statute is a separate offense.")(citations omitted). Accordingly, the 55 counts of mail fraud against Mr. Sebero in the Superseding Indictment do not violate the rule against multiplicity because each count alleges a separate distribution of benefits by wire. Accordingly, Mr. Sebero's Motion to Dismiss the Superseding Indictment as violative of the rule against

multiplicity is **DENIED**.

     **IT IS HEREBY ORDERED:**

     1.  For the reasons heretofore stated, the Defendant's Motion to Dismiss (Ct. Rec. 5) is **DENIED**, with leave to renew.

     2.  Pursuant to 18 U.S.C. § 3161(h)(1)(F), the time from January 23, 2009 to March 13, 2009 is **EXCLUDED** from Speedy Trial Act calculations.

     3.  At the request of counsel for both parties, the trial of the above-captioned matter is hereby **SET** for **June 15, 2009** at 9:30 a.m. in Spokane, Washington.  Proposed jury instructions, jury voir dire, and trial briefs shall be served and filed no later than **June 8, 2009.**

     The Clerk is hereby directed to enter this Order and furnish copies to the parties.

     **DATED** this 16th day of March, 2009.

s/ Justin L. Quackenbush

JUSTIN L. QUACKENBUSH

SENIOR UNITED STATES DISTRICT JUDGE
